UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SIRO PROP OAKWOOD LLC AND SIRO PROP BIG RIVER LLC, )
)
Plaintiffs, )
)
v. ) Case No. 4:24CV1035 HEA
)
BERMUDA DRIVE HEALTHCARE LLC, CEDARS COURT HEALTHCARE LLC, VERTICAL HEALTH SERVICES, LLC, AND WILLIAM MILLER, )
)
Defendants, )

**MEMORANDUM AND ORDER**

This matter is before the Court on Vertical Health Services, LLC's, ("VH Motion to Modify Receivership Order, [Doc. No. 154]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion will be granted.

Plaintiffs filed this action on July 26, 2024 alleging claims for breaches of certain leases entered into between the Plaintiffs and Defendants. Plaintiffs also allege certain guaranties have been activated by the failure of Defendants to pay rents under the leases, and that no funds have been paid pursuant to the guaranties.

On the same day as filing the Complaint, Plaintiffs filed an Emergency Motion to Appoint Receiver. The Court conducted a hearing on this Motion on August 5, 2024 and August 12, 2024. On August 15, 2024, the Court granted the

Motion and appointed Michael F. Flanagan as Receiver of Defendants and their assets.

On July 14, 2026, the Court ordered the Receiver to file a response to the Motion since VHS advised the Court that the Receiver's work in this matter is nearly complete and that the Receiver anticipated seeking discharge from the Court.

On July 24, 2026, the Receiver filed his response to the Court's Order. In his response, the Receiver states that the response is his Final Report and Request to be Discharged as he has discharged his duties in accordance with the Order Appointing him. Further, the Receiver states the following:

> The Receiver believes he has administered all the material assets of the receivership estate. Any remaining assets, such as any interest the receivership estate may have in the litigation contemplated by the Defendant's Motion, either have inconsequential value and/or would require additional expense by the Receiver to liquidate, would unnecessarily delay the closing of this estate, and not yield any positive value over and above the costs of administration. As such, the Receiver believes such remaining assets -- other than cash on hand and in banks and cash equivalents (including marketable securities and short-term investments) held or under control of the Receiver -- are burdensome to the Receivership Estate and should be abandoned. Upon granting of the abandonment, the relief sought in the Motion would be rendered moot.
>
> The Receiver filed four (4) Receiver's Reports during the course of these proceedings that contained the income statements for the Facilities during the time that Receiver was operating the Facilities, and the Receiver would ask the Court to take judicial notice of such Reports in connection with approving this Final Report and Request to be Discharged.

Although the Court has yet to discharge the Receiver since VHS seeks to review the documentation it has received from the Receiver, there is nothing precluding VHS' requested modification

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Modify Receivership Order, [Doc. 154], is **GRANTED**

**IT IS FURTHER ORDERED** that the Receivership Order of August 15, 2024 is modified. Control and direction of this litigation is returned to Bermuda, Cedars Court, and Vertical Health Services, LLC.

Dated this 22nd day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE