**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SIRO PROP OAKWOOD LLC, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 4:24CV1035 HEA** |
| **BERMUDA DRIVE HEALTHCARE LLC et al.,** | ) | |
| **Defendants.** | ) | |
| **BERMUDA DRIVE HEALTHCARE LLC, et al.,** | ) | |
| **Counterclaim Plaintiffs,** | ) | |
| **vs.** | ) | |
| **SIRO OP BIG RIVER, LLC, et. al.,** | ) | |
| **Counterclaim Defendants.** | ) | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on Counterclaim Defendants' Motion to Dismiss, [Doc. No. 152]. Counterclaim Plaintiffs oppose the motion. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiffs brought this action for breaches of lease agreements and failure to pay under the provisions of guaranties based on the alleged breaches. Defendants filed a "Counterclaim1," wherein they claim they were fraudulently induced by Samuel Goldner to enter into the leases and to guarantee performance of the requirements of the leases.

**Standards for Motions to Dismiss**

**Rule 12(b)4**

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B Wright & Miller's Federal Practice & Procedure § 1353 (4th ed. Apr. 2026 Update). This includes issues with the content of the summons. *Id*. Typically, where service has not been completed by the Rule 4(m) deadline, a district court must engage in a two-step analysis .... First, it must inquire whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed ... period. If the district court concludes that good cause is shown, it must extend the time for service. See Fed. R. Civ. P. 4(m) (stating that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period"); see also *Adams v. AlliedSignal Gen. Aviation*

1 For Consistency purposes, the Court will refer to the pleading as a Counterclaim Complaint and will refer to the parties in this pleading as Counterclaim Plaintiffs and Counterclaim Defendants.

*Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service. *Id*.; *United States v. Minnesota*, No. 25-CV-3798 (ECT/JFD), 2026 WL 2085701, at *12 (D. Minn. July 20, 2026).

**Rule 12(b)(5)**

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (cited case omitted).

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Once a plausible challenge to the sufficiency of service of process is made, the plaintiff bears the ultimate burden to make a prima facie showing that service was valid under governing law. See *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A*., 51 F.3d 1383, 1387 (8th Cir. 1995).

**Rule 12(b)(6)**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to

relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have 'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under

Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555).

**Discussion**

Counterclaim Defendants argue that Counterclaim Plaintiffs did not properly serve them. On August 15, 2025, the Court granted Counterclaim Plaintiffs Motion for Leave to Serve Counterclaim Defendants by alternative means via mail. Mr.

Goldner claims he was not properly served because the summons was left with a person named Letitia Guzman and there is no indication who Ms. Guzman is, whether she resides at Mr. Goldner's residence, whether she is competent to receive service on behalf of Mr. Goldner. The return of summons, however, while stating that it was left with Ms. Guzman, also contains the following

> On 11/07/2025 service was completed by mailing a true copy of the above documents to the above address which is Defendant(s)'s dwelling house (usual place of abode), in a first-class, postpaid properly addressed envelope marked 'personal and confidential' and did not indicate on the outside thereof by return address or otherwise that the communication was from an attorney or concerned an action against the Defendant (s) from a depository under the exclusive care and custody of the United States Post Office in the State of New York if not served in New York State, within the State in which the service occurred.

Doc. No 37. Accordingly, based on the return of service, it appears Mr. Goldner was served as contemplated by the Court's August 15, 2025 Order.

Counterclaim Plaintiffs, however, did not mail the summons and counterclaim complaint to the Counterclaim Defendants Siro Op Big River, LLC or Siro Op Oakwood, LLC. Rather, they attempted to serve the Counterclaim Defendants via the Delaware Secretary of State. According to the proofs of service, the summons were "left in the basket," and were "Left in the Delaware Secretary of State's basket." The process server does not indicate the address of the Delaware Secretary of State's "basket," nor does she identify the "basket" of which

she refers. Moreover, even assuming *arguendo* that the "basket" was actually located in the Secretary of State's office, this attempted service fails to explain how the "basket" satisfies the requirements of service on the Delaware Secretary of State as agent for the Counterclaim Defendants.

> The Delaware Division of Corporations accepts Service of Process on Delaware entities, non-Delaware entities, and out-of-state individuals under certain circumstances. Here are the requirements for serving the Delaware Secretary of State.
>
> **SERVICE OF PROCESS UNDER TITLES 6, 8 AND 12**
>
> Titles 6, 8 and 12 of the Delaware code set forth the requirements for Service of Process upon Delaware corporations and other entities such as LPs, LLCs, GPs, LLPs, LLLPs, and Statutory Trusts. Please consult the applicable code sections for these requirements. If you have any questions regarding the status of a Delaware entity or the identity of its registered agent, please contact this office, Service of Process Section, for verification. Any questions regarding the registered agent's relationship with an entity for the purposes of Service of Process should be directed to that agent.
>
> **SERVICE OF PROCESS UNDER TITLE 10**
>
> The Secretary of State of Delaware accepts service of process under Sections 3104, 3111, and 3114. The fee for service under this Title is $100 per defendant for each section reference; for example, the fees for John Doe under Title 10, Sections 3104 and 3111 will be $300.
>
> Please contact the appropriate Delaware Court for instructions and assistance in serving non-Delaware residents or log on to courts.delaware.gov
>
> Please note that the Secretary of State's acceptance of Service of Process for a Delaware entity is not a determination that the entity has been properly served. If you have questions about the sufficiency of your service of process, consult a private attorney.

> If the defendant is not a Delaware corporation, the plaintiff must provide the out-of-state address of that corporation. The fee is $100.00 per defendant and 2 completed copies of all documents being served are required.
>
> If you need any information concerning procedures of the courts as well as available court forms, please visit their website at courts.delaware.gov.

https://corp.delaware.gov/sop/, (last visited September 25, 2026). Nothing in the record establishes that Counterclaim Plaintiff satisfied the requirements of the Delaware Code.

When personal jurisdiction is challenged in a motion to dismiss, the party asserting jurisdiction must make a *prima facie* showing that jurisdiction exists. *Fastpath, Inc. v. Arbela Tech., Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). "The plaintiff's '*prima facie* showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.' " *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (*quoting Block Indus. v. DHL Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)). The Court "must view the evidence in the light most favorable to [the nonmoving party] and resolve factual conflicts in its favor...." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004). "When the validity of service is

contested by a motion to dismiss, the burden is on the plaintiff to establish proper service." *A.T. v. Newark Corp.,* No. 4:16-CV-448-SNLJ, 2017 WL5070421, at *2 (E.D. Mo. Nov. 3, 2017). "[T]he applicable Missouri Rules of Civil Procedure are substantively equivalent to Federal Rule of Civil Procedure 4(h)(1)(B), which allows a foreign corporation to be served through its general agent." *Id*. The Motion to Dismiss as to Counterclaim Defendants Siro Big River LLC and Siro Oakwood, LLC will be granted without prejudice.

Counterclaim Defendants argue the counterclaims are not procedurally proper, as they are not counterclaims, but rather third-party claims. Further, even assuming the third-party nature of the claims, Counterclaim Defendants argue they are still improper because they fail to satisfy rule 14 of the Federal Rules of Civil Procedure.

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim. *United States v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir.1987).

*Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). Counterclaim Defendants argue that since they cannot be held responsible to

Defendants/Counterclaim Plaintiffs on Plaintiffs' breach of lease and guaranty claims, the Counterclaims/Third Party claims are improper.

Counterclaim Plaintiffs respond that this is not a straightforward breach of lease and guaranty suit. In their response, Counterclaim Plaintiffs raise issues not presented in the Complaint. They argue Mr. Goldner controls all of the entities involved in the complained of actions; that Mr. Goldner disregards the corporate form; that the Leases specifically contemplate that the Operations Transfer Agreements will be executed as part of the transaction.

Furthermore, the analysis of whether there can be a third-party action against Mr. Goldner, Siro Op Big River, LLC, and Siro Op Oakwood, LLC is not solely based on the Lease and Guaranties. Counterclaim Plaintiffs rely on the alleged facts that they were fraudulently induced to enter into the Leases and Guaranties, such that the third-party liability may come from the fraudulent inducement rather than coming from simply the leases and guaranties.

That being said, however, the Complaint before the Court does not set forth these additional facts nor does it set out sufficient facts under *Twombly* and *Iqbal* to establish a claim that is plausible on its face. Counterclaim Plaintiffs have presented facts in their *response* to the Motion to Dismiss which are not included in the Complaint to demonstrate a cause of action under the requirements of Rule

14. The response, however, cannot satisfy Rule 14 or Rule 12(b)(6). Counterclaim Plaintiffs must set forth sufficient facts in the Counterclaim (Third Party Complaint) to set forth a plausible Third-Party Claim.

Counterclaim Defendants also argue that Counterclaim Plaintiffs have failed to plead fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. They pick out statements in the Complaint that are vague, and conclusory. However, the Counterclaim Defendants fail to acknowledge the specific facts set out that set out the statements made and the documents produced upon which they rely for their fraud claims.

Based on the record before the Court, the Court is unpersuaded by Counterclaim Defendants arguments that this matter must be dismissed because of the pending Bankruptcy Adversary proceeding in the United States Bankruptcy Court Eastern District of New York in *Goldner Capital Management LLC, et al v. Capital Source, LLC, et al.*, Case No. 25-08015-ast (E.D.N.Y. Bkr.). This action was first filed and involves separate parties and separate issues than those in the Adversary proceeding.

Likewise, based on the Orders entered in this case, Counterclaim Defendants' arguments that Counterclaim Plaintiffs do not have standing to bring the Third-Party Action is without merit.

## Conclusion

Alas, based upon the foregoing analysis, the Motion to Dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Counterclaim Defendants Siro OP Big River, LLC and Siro Op Oakwood, LLC are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Counterclaims against remaining Counterclaim Defendant is **DISMISED.**

**IT IS FURTHER ORDERED** that Counterclaim Plaintiffs are granted 14 days from the date of this Opinion to file an amended counterclaim or third-party complaint.

Dated this 29th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE